CITY OF SCHENECTADY, Plaintiff, *v.* JAMES P. KALTEUX, Defendant.

Third Department, July 2, 1937.

*Thomas W. Wallace, Corporation Counsel,* for the plaintiff.

*James E. O'Loughlin,* for the defendant.

Bliss, J. Under section 220 of the charter of the city of Schenectady (Laws of 1907, chap. 756), real estate on which taxes remain unpaid is sold at public auction for the lowest term of years at which any person shall offer to take the same in consideration of advancing the taxes. Under section 168-b of the Tax Law a city making such a sale is given the right to elect that the provisions of article 7-A of the Tax Law shall apply to sales by such city. It is stated without contradiction that the city of Schenectady has made such election. Section 168-b further provides that, upon such election being made, the owner of any certificate of sale of an estate for years in lands in any such city or county thereafter sold for taxes, including the city itself, shall have a lien on such lands for the amount of the purchase money paid and all interest, penalties and other charges allowed by the law, which shall be deemed to be a lien under section 162 of the Tax Law. The section further states that all of the provisions of article 7-A of the Tax Law shall, so far as they may be applicable, apply to such lien and the owner of such certificate of sale shall have all the rights and remedies provided for in such article. It also provides that, for the purpose of applying the provisions of such article, the provisions relating to the foreclosure of liens created upon the sale of lands shall authorize and apply to the foreclosure of liens created upon the sale of estates for years. Article 7-A of the Tax Law authorizes the owner of a tax sale certificate to recover the purchase money paid by him by the maintenance of an action to foreclose the lien which the statute gives him against the premises for such moneys, in the same manner as though such lien were secured by a mortgage on the lands.

In the instant case the city of Schenectady purchased at a tax sale the property of one Feliks Slowakiewicz for a term of one thousand years. The city then prosecuted to judgment an action in the Supreme Court against the owner of the premises and a mortgagee to foreclose its lien on the premises and the defendant James P. Kalteux was the purchaser on the foreclosure sale. At the time of the sale he paid ten per cent of the purchase price, but has declined to pay the balance on the ground that article 7-A of the Tax Law is unconstitutional and that the referee's deed would not convey to him all of the interest which the defendants in the foreclosure action had in the premises at the time of the sale.

The purchaser claims that the city, as holder of a tax sale certificate of an estate for years in the lands, had no right under the

statute to foreclose its lien in a foreclosure action with the same force and effect as could be done by the holder of a certificate for the land itself, and that on this foreclosure sale the purchaser will not acquire the fee of the premises but an estate no greater than that of the holder of the tax sale certificate in the premises, namely, an estate for years.

Under section 168-b of the Tax Law the city, as owner of a certificate of tax sale of an estate for years in the lands, is given a lien on such lands for the amount of the purchase money paid and the right to foreclose such lien by action in Supreme Court. We fail to see any fundamental invalidity in this statutory provision any more than there would be had the premises or an undivided interest therein been sold at the tax sale and a tax sale certificate therefor issued to the city. In each instance the purchaser is given by statute a lien upon the premises for the amount paid by him and the right to foreclose such lien in a proper court action. It is clear that the statute intended that upon the sale in the foreclosure action the fee of the premises should be conveyed, because section 168 of the Tax Law provides that the conveyance made pursuant to a judgment in any action brought under article 7-A shall vest in the purchaser all right, title, interest, claim, lien and equity of redemption in and against the lands sold, of all parties to the action and of all persons claiming under them whose interest or claim shall have accrued subsequent to the filing of the notice of pendency in the action and that such parties shall be barred and forever foreclosed by the judgment in such action of all interest in the lands. The judgment is the one usual in a foreclosure action. We see nothing unconstitutional in this procedure. In just what manner these provisions of the Tax Law violate either the Constitution of the State of New York or the Constitution of the United States is not made clear by the defendant. Which particular provisions of either of these Constitutions are violated is not pointed out. We can only speculate as to what the defendant has in mind in this respect, but it does not appear to us that the statutes offended any provisions of either of these basic documents. The holder of the tax sale certificate, instead of taking his conveyance of an estate for years, to which he would have been entitled if the lands were not redeemed, has enforced the lien given him by statute against the premises for the amount of his purchase money plus the usual additions thereto. It is urged by the defendant that because the taxpayer may lose his property outright or he may be simply deprived of its use for a term of years, and the determination as to which penalty he shall suffer is left to the caprice of the purchaser at the tax sale, therefore, the statutes which permit

this to be brought about are unconstitutional.   The case of *Gautier* v. *Ditmar* (204 N. Y. 20) is cited as an authority for this contention. We see no similarity between that case and the one under consideration.   Nor is there any language in that opinion which applies here.

Judgment should be granted in favor of the plaintiff in accordance with the stipulation directing the defendant to complete his purchase, without costs.

HILL, P. J., RHODES, CRAPSER and HEFFERNAN, JJ., concur.

Judgment rendered in favor of the plaintiff in accordance with the stipulation directing the defendant to complete his purchase, without costs.